In re Alan Leonard **GETREU**, Debtor.

**CHEVY CHASE FEDERAL SAVINGS BANK, Plaintiff,**

v.

**Alan Leonard GETREU, Defendant.**

**Bankruptcy No. 89–5466–8P7.
Adv. No. 89–529.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 23, 1990.

Andrew S. Forman, Tampa, Fla., for plaintiff.

James M. Heptner, Tampa, Fla., for defendant.

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS is a Chapter 7 liquidation case, and the matter under consideration is the dischargeability vel non of a debt owed to the Plaintiff, Chevy Chase Federal Savings Bank (Bank), by the Defendant, Alan Getreu (Debtor). It is the contention of the Bank that the Debtor's debt owed to it is not dischargeable, pursuant to 11 U.S.C. § 523(a)(2)(A) and (B), because the Debtor allegedly falsified his income on a credit card application submitted to the Bank. The Court heard testimony and considered the documentary evidence and the record, and finds that the relevant facts as established at the final evidentiary hearing are as follows:

The Bank, as its custom, sent an unsolicited credit card application to Mrs. Carol S. Getreu, the Debtor's ex-wife. (Plaintiff's Exh. No. 1) Although the Debtor testified that he did not recall applying for the credit card, this Court is satisfied that he did, in fact, complete and submit the credit card application to the Bank. The Debtor reported an annual income of $75,000.00 on his credit card application, which exceeded the $52,000.00 reported as income on the Statement of Financial Affairs filed with his bankruptcy petition. The copies of the Debtor's tax returns for 1987 and 1988 reveal that the Debtor's gross income in 1987 was, in fact, $71,716.00, and in 1988, $72,921.00, respectively. (Defendant's Exh. No. 1). While the application offered a $5,000.00 credit line, a credit card, when insured, granted a $6,500.00 credit limit, or $1,500.00 more than the amount the Debtor applied for. It appears that one day after the credit card was issued to the Debtor, a cash advance in the amount of $6,000.00 was charged to his account. (Plaintiff's Exh. No. 2) Over the next few months, there were several small charges to the account, as well as another cash advance in the amount of $600.00. However, account statements reveal that few payments were made on the account and the balance due rarely fell below $6,000.00, and at the time of the commencement of this case, the Debtor was indebted to the Bank by the amount of $6,398.45.

The Bank's claim of nondischargeability is based on § 523(a)(2)(A), which provides in part that a debt for money or an extension or renewal of credit, to the extent it was obtained by false pretenses, false representation, or actual fraud, other than a statement representing the debtor's or an insider's financial condition, is not dischargeable.

The Bank testified that the Debtor would not have received a $6,500.00 credit limit if the income reported on his credit card application was the same as that on his Statement of Financial Affairs.

The so-called credit card abuser received extensive treatments by courts, and the treatments by courts by no means have

been uniform when a basis of a claim of nondischargeability is raised. This Circuit dealt with this question extensively in the case of *First National Bank of Mobile v. Roddenberry*, 701 F.2d 927 (11th Cir.1983). In *Roddenberry*, a case decided under § 17(a) of the Bankruptcy Act of 1898, which has been recodified under the Bankruptcy Code at § 523(a)(2)(A), the plaintiff filed a complaint seeking to have the debtor's credit card debt declared nondischargeable because money and merchandise were claimed to have been obtained under false pretenses. The *Roddenberry* court held that credit card charges incurred before the bank unequivocally and unconditionally revoked the cardholder's right to further possess and use the card are dischargeable; charges incurred after the bank revoked the cardholder's rights are not dischargeable. The *Roddenberry* court noted that our credit card economy encourages widespread voluntary risktaking by institutions issuing credit cards to parties who did not ask for one. In the instant case, the fact that the Bank invited the Debtor to apply for a $5,000.00 credit line, and then proceeded to give the Debtor a $6,500.00 credit line, clearly underscores the voluntary risk this Bank undertook.

The *Roddenberry* case also dealt with creditors who abused their credit card privileges by exceeding their credit limits. The case at hand is unlike *Roddenberry* in that the Debtor's charges were always below his credit limit. A discussion of *Roddenberry* is, however, appropriate in this case in light of the risk the Bank undertook when it extended credit to the Debtor.

■ There is no evidence in this record to support the proposition that the Debtor obtained the credit card in question by stating false facts which were material and on which the Bank rightfully relied when it mailed the credit card to the Debtor. When the Debtor reported on his credit card application that he earned $75,000 for the year, tax returns presented at trial indicated that this was substantially true. Although the financial statements the Debtor submitted with his Bankruptcy Petition indicated he earned far less in subsequent years, that is of no consequence. The fact remains that when the Debtor completed his credit card application, the amount he reported as income was, in fact, an accurate reflection of his income.

■ The Bank in this case failed to present any evidence to show that the Debtor had no intention of paying his credit card charges. There was neither evidence to show that he never intended to repay the charges, nor was there evidence to show that he was incapable of paying the charges when they were incurred. Based on the foregoing reasons, the Court is satisfied that the Bank's Complaint objecting to the dischargeability of its debt based on § 523(a)(2)(A) and (B) should be dismissed, and the debt is dischargeable.

A separate Final Judgment will be entered in accordance with the foregoing.